The document below is hereby signed.

Signed: January 14, 2014



_S. Martin Teel, Jr._
_United States Bankruptcy Judge_

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

```
In re                              )
                                   )
AMFIN FINANCIAL CORPORATION,       )   [Case No. 09-21323
et al.,                            )   (Chapter 11)
                                   )   pending in the U.S.
            Debtors.               )   Bankruptcy Court for the
_____    )   Northern District of Ohio]
                                   )
FEDERAL DEPOSIT INSURANCE          )
CORPORATION,                       )
                                   )
            Movant,                )
                                   )
         v.                        )   Misc. No. 13-20005
                                   )
AMFIN FINANCIAL CORPORATION,       )
et al.,                            )   For publication in West's
                                   )   Bankruptcy Reporter.
            Respondents.           )
```

<u>MEMORANDUM DECISION RE REQUEST TO DISMISS ON GROUNDS OF MOOTNESS</u>

The Federal Deposit Insurance Corporation, as Receiver of AmTrust Bank ("FDIC"), is involved in claims litigation with the debtors, AmFin Financial Corporation and several of its affiliates, in the United States Bankruptcy Court for the Northern District of Ohio. In connection with that litigation, on September 25, 2013, the debtors served a subpoena on Ms. Sonya Levine, in-house counsel for the FDIC, commanding her to appear

for a deposition in Washington D.C. on October 1, 2013. On September 30, 2013, one day prior to the scheduled deposition, the FDIC filed a motion for entry of an order quashing the subpoena or, in the alternative, for a protective order, commencing this miscellaneous proceeding. The FDIC's motion argued that it is impermissible for the debtors to depose Ms. Levine because she is opposing counsel, that the information sought from Ms. Levine is subject to the attorney-client privilege, and that the deposition is being pursued for purposes of retaliation and harassment.

On that same date, the court held an emergency hearing, at which time the FDIC made an oral motion to stay the deposition pending the court's disposition of the motion to quash and for a protective order. At the hearing, I expressed my view that the FDIC's motion appears to set forth serious grounds that are worthy of consideration before Ms. Levine ought to be required to appear for deposition, and I granted the motion to stay. Accordingly, on October 1, 2013, the court entered an order that provided, in pertinent part, as follows:

    1.  The Stay Motion is GRANTED.

    2.  The Debtors' objections to the Stay Motion are overruled.

    3.  The Deposition of Ms. Sonya Levine is stayed pending this Court's consideration and adjudication of the Motion to Quash.

    4.  Ms. Sonya Levine shall not be required to appear

>for Deposition or otherwise respond to the Subpoena unless and until further order of this Court.

On October 15, 2013, a little more than two weeks after the FDIC filed its motion to quash, the debtors filed a notice of withdrawal of the subpoena. On that same date, the debtors filed an opposition to the FDIC's motion to quash, arguing that the motion was rendered moot by the withdrawal of the subpoena. The FDIC argues that the motion is not moot because the debtors still intend to pursue Ms. Levine's deposition, albeit in a different jurisdiction. Rather than deny this allegation, the debtors continue to argue that Ms. Levine has information crucial to the debtors' presentation of their case, but that any dispute over discovery should play out in the Northern District of Ohio.

I

The withdrawal of the subpoena rendered the motion to quash moot. *See Hardee v. U.S.*, 2007 WL 3037308 (W.D.N.C. Oct. 16, 2007) ("Since the subpoenas have been withdrawn, and the Court is satisfied that the withdrawal of the subpoenas have completely eradicated any effect of the alleged violation in the motion to quash, the Defendant's Motion to Dismiss is hereby Granted and the Petition's Motion to Quash is MOOT."). Simply put, there is nothing left for this court to quash.

II

The FDIC's motion also sought entry of a protective order "forbidding the deposition of Ms. Levine." Mot. at 2. In

3

response, the debtors assert that:

> the Debtors believe that Ms. Levine's deposition may be necessary in the future and request that this Court deny the FDIC-R's motion for a permanent bar on her deposition and, instead, allow the Bankruptcy Court where this matter is pending to enter any rulings in regard to limits on discovery.

Opp'n at 6.  In its reply, the FDIC states its belief that if this court does not issue a protective order, it is likely she will be served with a subpoena when she travels to Ohio to represent the FDIC in the litigation.  The FDIC argues that:

> It appears from the Opposition that the Debtors intend to engage in forum shopping by arguing that this matter is mooted by their withdrawal of the Subpoena, but preserving their ability to serve Ms. Levine with a second subpoena (presumably in another district) at a later date and then re-litigate these issues before another Judge, thus requiring the FDIC-Receiver to file another motion to quash and/or for a protective order, and potentially to seek another emergency hearing for a stay.

Reply at 6.  The FDIC argues that the request for a protective order is properly before this court, and that such an order "should be issued to prevent the Debtors' continued attempts to harass Ms. Levine and interfere with her representation of the FDIC-Receiver." Reply at 2.  At greater length, it argues:

> Ms. Levine should not have to be concerned about coming to Ohio to represent her client in depositions, hearings, or trial for fear of being served with a baseless subpoena. Ms. Levine "should be free to devote . . . her time and efforts to preparing the client's case without fear of being interrogated by . . . her opponent." [Citing *Shelton v. American Motors Corp.*, 805 F.2d 1323, 1327 (8th Cir. 1986) (internal citation omitted); *accord Coleman v. District of Columbia*, 284 F.R.D. 16, 18-19 (D.D.C. 2012); *Guantanamera Cigar Co. v. Corporacion*

>   *Habanos, S.A.*, 263 F.R.D. 1, 9 (D.D.C. 2009).]
>       Likewise, the FDIC-Receiver should not be forced to re-litigate the issues already raised before this Court in the Motion.  The plain language and purpose of Civil Rule 26(c)(1) would be subverted if litigants could continually issue and withdraw subpoenas against opposing counsel until they find a sympathetic Court. . . . As such, the Debtors' continued threat to depose Ms. Levine presents a ripe controversy and this Court should resolve that dispute by issuing the requested protective order prohibiting the Debtors from deposing Ms. Levine.

Reply at 7-8.

Under Fed. R. Civ. P.  26(c)(1):

> A party or any person from whom discovery is sought may **move for a protective order** in the court where the action is pending –- or as an alternative **on matters relating to a deposition, in the court for the district where the deposition will be taken**.

[Emphasis added.]  The subpoena having been withdrawn, there no longer are any "matters relating to a deposition" for which this court is authorized to issue a protective order as "the court for the district where the deposition will be taken."  Accordingly, there is no basis upon which this court can issue a protective order.  As in the case of a court's authority to quash a subpoena under Rule 45, authority that cannot be exercised once the subpoena is withdrawn, the authority to issue a protective order terminates if the subpoena is withdrawn.

The FDIC argues that because this court had jurisdiction to entertain the motion for a protective order when that motion was filed, the debtors cannot destroy that jurisdiction by

5

unilaterally withdrawing the subpoena.[1] Such decisions address issues of jurisdiction other than the issue of whether there is an actual case or controversy, not the issue of mootness (the lack of any continuing actual case or controversy). If the FDIC's argument were correct, no proceeding could ever be dismissed as having become moot. Moreover, the decisions it cites deal with jurisdiction over a civil action, and here the principal jurisdiction over the litigation remains in the Northern District of Ohio, with this court's jurisdictional role limited to addressing a motion to quash or a motion for a protective order with respect to any deposition to be held in this district. With the subpoena on Ms. Levine no longer being in place, no deposition is going forward. Accordingly, in the language of Rule 26(c)(1), there are no "matters relating to a deposition [in this district as] the district where the deposition will be taken " as to which this court is authorized to issue a protective order.

The FDIC argues that the issuance of the subpoena was, in and of itself, an act constituting harassment that is likely to

---

[1] The FDIC cites as examples of decisions supporting this argument *Last Chance Min. Co. v. Tyler Min. Co.*, 157 U.S. 683, 694, 15 S.Ct. 733, 737 (1895); *Eldred v. Michigan Ins. Bank*, 84 U.S. 545, 549, 1873 WL 16008, at *3 (1873); *Burka v. Aetna Life Ins. Co.*, 87 F.3d 478, 482 (D.C. Cir. 1996); *In re Lewis*, 398 F.3d 735, 743 (6th Cir. 2005); and *Steel v. United States*, 813 F.2d 1545, 1550 (9th Cir. 1987). Reply at 6 n.4.

6

be repeated.  Reply at 6.  The FDIC may thus be correct that a ripe issue still remains, namely, the threat that the debtors will subpoena Ms. Levine for deposition again.  The FDIC, as a party to the litigation in the United States Bankruptcy Court for the Northern District of Ohio, is free under Rule 26(c)(1) to seek a protective order there to protect Ms. Levine from being deposed in that district or elsewhere.  *See In re Sealed Case*, 141 F.3d 337 (D.C. Cir. 1998); *Static Control Components, Inc. v. Darkprint Imaging*, 201 F.R.D. 431, 434 (M.D.N.C. 2001) ("the district court in which an action is pending has the right and responsibility to control the broad outline of discovery."). However, this court has no authority to issue a protective order unless there is a subpoena pending in this district.

   The FDIC may be prejudiced by the unilateral withdrawal of the subpoena after it has fully briefed its motion for a protective order, and the debtors (who could subpoena Ms. Levine in the Northern District of Ohio if she travels there to assist the FDIC in the litigation) may well be engaging in forum shopping in reaction to this court's comments that the motion raised serious questions regarding the propriety of the subpoena. Nevertheless, this court has no authority to set aside the withdrawal of the subpoena on that basis so that the merits of the request for a protective order can be adjudicated here.  This follows because a subpoena does not constitute a complaint

commencing a civil action.  Because a subpoena is not a complaint, the unilateral withdrawal of a subpoena is not subject to the necessity of a court order for a party to obtain dismissal of a complaint once an answer has been filed.  *See* Fed. R. Civ. P. 41(a) (designed to prevent the prejudice to a defendant who has filed an answer if the plaintiff could unilaterally dismiss a complaint without a court order).  Even if the FDIC's motion for a protective order were viewed as the equivalent of an answer to the subpoena, Rule 41(a) does not apply to bar the debtors' unilateral withdrawal of the subpoena.

Indeed, the FDIC has not questioned the authority of an attorney to withdraw a subpoena the attorney had issued, and to do so even after a motion to quash and for a protective order has been filed.  Although a subpoena is treated as a court order, it can be issued by an attorney, and a subpoena similarly can be withdrawn by the attorney who issued it, at least in cases which have a procedural posture like this one.[2]

### III

Even though no order quashing the subpoena and no protective order will be issued by this court, the court would have

---

[2] There may be instances in which a court order is sought to withdraw a subpoena, for example, when proceedings are pending regarding a contempt order that was issued to enforce the subpoena. *See In re Grand Jury Proceedings*, 574 F.2d 445 (8th Cir. 1978).  Whether such a motion is *required*, versus filed as a courtesy to the court, is a different question.

authority to issue an order, if warranted, awarding costs or sanctions despite the withdrawal of the subpoena.  *See Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395-96 (1990); *Schlaifer Nance & Co. v. Estate of Warhol*, 194 F.3d 323, 333 (2d Cir. 1999) ("the imposition of sanctions is an issue collateral to and independent from the underlying case" and for that reason, "even when a district court lacks subject matter jurisdiction over an underlying action, it still possesses jurisdiction to impose sanctions arising from the underlying case.").  Until a bill of costs or a motion for the imposition of sanctions is filed, it would be premature for this court to address the issue of whether an award of costs or sanctions is warranted.

IV

Only this court could impose sanctions under Fed. R. Bankr. P. 9011 with respect to the subpoena signed by the debtors' counsel as issuing from this court, and with respect to the filings in this miscellaneous proceeding.  Under Fed. R. Bankr. P. 9011, this court has authority to guard against abuse regarding a withdrawn subpoena relating to litigation pending elsewhere, including, for example, imposing sanctions for a party's abusively subjecting a witness to a subpoena for a clearly privileged document.  As a sanction for such abuse, the court probably could direct that no such subpoena be served anew.

9

If the FDIC did not act under Rule 9011(c)(1)(A) to preserve its right to seek Rule 9011 sanctions on its own motion, Rule 9011 sanctions could be imposed only via the court's exploring the imposition of sanctions on its own initiative under Rule 9011(c)(1)(B). If the FDIC is not entitled to file a Rule 9011 motion for sanctions, I decline to exercise my discretionary authority under Rule 9011(c)(1)(B) to investigate on the court's own initiative the issue of imposing sanctions in this case. Instead of investigating imposing sanctions on the court's own initiative, it makes more sense to let the issue of abuse be addressed via the FDIC's filing of a motion for a protective order in the Northern District of Ohio where the FDIC is already a party, and where that court is already familiar with the underlying issues in the litigation. *See In re Sealed Case*, 141 F.3d at 342-43.

V

An order follows dismissing, as moot, the motion to quash or for a protective order, directing that the court's prior order entered on October 1, 2013, has no further prospective effect, and retaining jurisdiction to address any motion for sanctions and any bill of costs.

[Signed and dated above.]

Copies to: Recipients of e-notification of filing.